

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORSAGE COLLECTION, INC., | Civil Action No. |
| Plaintiff, | |
| v. | **06    0382** |
| GN DIAMOND, LLC d/b/a ALITO COLLECTIONS, SKR DIAMONDS, LTD., EITHAN RAVIV and MARK FREIDMAN, ESQ. | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

**FILED** JAN 2 7 2006

Plaintiff CORSAGE COLLECTION, INC. (hereinafter referred to as either "Corsage" or "Plaintiff"), through its undersigned attorneys, Gibbons, Del Deo, Dolan, Griffinger & Vecchione, hereby complains of defendants GN DIAMOND, LLC d/b/a ALITO COLLECTIONS ("GN"), SKR DIAMONDS, LTD. ("SKR"), EITHAN RAVIV ("Raviv") and MARK FREIDMAN, ESQ. ("Freidman"), as follows:

### Jurisdictional Statement

1.      This is a civil action for: (1) declaratory judgment of non-infringement of a United States Letters Patent; (2) declaratory judgment of invalidity of a United States Letters Patent; (3) declaratory judgment of unenforceability of a United States Letters Patent; (4) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, (5) tortious interference with contractual relations under the laws of the state of New York; and (6) tortious interference with prospective economic advantage, under the laws of the state of New York.   Upon information and belief, the Plaintiff is a citizen of a different state from all defendants and the amount in controversy exceeds $75,000.00. This Court has subject matter jurisdiction over the first three causes of action pursuant to 28 U.S.C. §§ 1330, 1338 and 2201.  This Court has

subject matter jurisdiction over the fourth cause of action pursuant to 28 U.S.C. §§ 1330 and 1338. This Court has subject matter jurisdiction over the fifth and sixth causes of action under theories of supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as well as an independent basis for diversity jurisdiction pursuant to 28 U.S.C. § 1331.

## PARTIES AND VENUE

2.      Corsage is a corporation organized and existing under the laws of the State of New York, with a principle place of business in New York.

3.      Upon information and belief, GN is a corporation organized and existing under the laws of the state of Pennsylvania, with a principle place of business at 800 Chestnut Street, Suite 206, Philadelphia, Pennsylvania 19107.

4.      Upon information and belief, GN transacts substantial business in this judicial district and derives substantial revenues from business in this judicial district.

5.      Upon information and belief, the alleged conduct of GN has occurred in various locals, including in this judicial district.

6.      Upon information and belief, SKR is a corporation organized and existing under the laws of Israel with a principle place of business at 4 Haracoon Street, Ramat Gan, Israel, 52521.

7.      Upon information and belief, SKR transacts substantial business in this judicial district and derives substantial revenues from business in this judicial district.

8.      Upon information and belief, the herein alleged conduct of SKR has occurred in various locals, including in this judicial district.

9.      Upon information and belief, for all of the allegations herein, the acts and omissions of SKR are the acts and omissions of GN, and vice versa.

- 2 -

#1050961
106080-54673

10.     Upon information and belief, Raviv is an individual who is a citizen of Israel and is currently residing in Florida.   Upon information and belief, Raviv transacts substantial business in this judicial district and derives substantial revenues from business in this judicial district.   Upon information and belief, Raviv has partaken in conduct outside of this district which has had a substantial effect on Corsage in this judicial district.   Upon information and belief, Raviv is hiding his location and identity to avoid citizenship problems.   Upon information and belief, in an Israeli action between SKR and an Israeli company called Geraldo Jewelry, Raviv indicated that he could not return to Israel as he would not be allowed to return to the United States.

11.     Upon information and belief, Friedman is an individual who is a citizen of Israel and has a principle place of business at 9003 Florin Way, Upper Marlboro, Maryland 20772. Upon information and belief, Friedman transacts substantial business in this judicial district and derives substantial revenues from business in this judicial district.   Upon information and belief, Freidman has partaken in conduct outside of this district which has had a substantial effect on Corsage in this judicial district.

12.     Venue is proper in this judicial district as it is the location of  a substantial part of the events or omissions giving rise to the claim occurred and it is a judicial district in which all defendants may be found.

- 3 -

## Allegations Common To All Causes Of Action: The Flower Design

13.     Corsage is a relative newcomer to the field of jewelry sales.

14.     Despite a modest beginning, through extensive hard work and significant expenditures, Corsage began to develop a market for its products and endow itself with the reputation of a provider of high quality diamond jewelry.  Corsage was able to do this by recognizing a need for high quality jewelry at a more reasonable price, Corsage pioneered a radical desired change in the sale of diamond jewelry.

15.     Upon information and belief, Ezra Boaron ("Boaron")  is an Israeli jewelry designer who is a master jeweler and has many years of experience in the jewelry business.

16.     Upon information and belief, in 2000, Boaron created a unique and novel design r setting for diamonds and/or precious stones.  This unique design employs seven (7) diamonds or other precious stones in the shape of flower, having a hexagon stone in the middle and surrounded by 6 pentagon shaped stones which are rounded on the outside, which thereby create the appearance of a seamless flower which can appear as one large gem with a perfectly smooth surface (the "Flower Design").

17.     The Flower Design is created in a way that each diamond is "locked" into an invisible setting, with no gaps, no glue and no prongs.

18.     On or about September 17, 2000, Boaron filed for an Israeli design patent on the Flower Design.

19.     On or about June 11, 2002, the Israeli Patent Office issued to Boaron design protection the Flower Design (the "Boaron Design").  .

20.     Boaron assigned his interest in and to the Boaron Design to an Israeli company called Geraldo Jewelry.

- 4 -

21.     Geraldo Jewelry manufactures the Flower Design.

22.     Each Flower Design produced by Geraldo is manufactured and set by hand.

23.     Corsage is the and distributes the Flower Design throughout the United States, including in this judicial district.

24.     Corsage promotes various pieces of jewelry that incorporate the Flower Design.

### Allegations Common to All Causes Of Action: The Prosecution of the U.S. Patent

25.     Upon information and belief, on or abut November 16, 2000, Freidman, working on behalf of Raviv, filed an application for a design patent on a jewelry design.

26.     On or about July 16, 2002, The United States Patent and Trademark Office (the "PTO") issued U.S. Design Patent No. D. 460,379 (the '379 Patent).

27.     Raviv represented to the PTO that he was in the inventor of the '379 Patent.

28.     Raviv has sworn under penalty of perjury that he is not the inventor of the '379 Patent.

29.     Upon information and belief, Raviv represented to the PTO that he was the inventor of the '379 Patent in order to induce the PTO to issue the '379 Patent in his name.

30.     Upon information and belief, Raviv is not a jewelry designer.

31.     Upon information and belief, Raviv misappropriated the jewelry design in the '379 Patent from Boaron.

32.     Upon information and belief, at some point prior to June 2002, Boaron became aware that SKR and/or its predecessor in interest, was infringing the Boaron Design in Israel.

33.     Upon information and belief, in late May or early June of 2002, Boaron was referred to Freidman as an attorney that could handle Boaron's interests.

#1050961
106080-54673

34.    Upon information and belief, Boaron met Freidman on or about June 5, 2002, at which time Boaron showed Freidman the Boaron Design.   Upon information and belief, Freidman indicated that he thought the Boaron Design was a beautiful and novel design, and that he would be happy to represent Boaron.

35.    Upon information and belief, Freidman did not tell Boaron that he represented Raviv.

36.    Upon information and belief, Freidman did not tell Boaron that he believed that the Boaron Design and the '379 Patent covered similar subject matter.

37.    Upon information and belief, an attorney working with Freidman prepared for Boaron a cease and desist letter that was sent to SKR.

38.    Upon information and belief, after SKR received the cease and desist letter, Raviv contacted Boaron.  Upon information and belief, this is the first time that Boaron and Raviv ever spoke to each other and/or had dealings with each other.

39.    Until the issuance of the '379 Patent, Freidman and Raviv had an absolute obligation to provide the PTO with any and all relevant, non-cumulative prior art.

40.    The Boaron Design is relevant, non-cumulative prior art.

41.    Despite the fact that the '379 Patent had not yet issued, and despite the fact that he had seen the Boaron Design, Friedman neither informed the PTO about the existence of the Boaron Design nor provided the PTO with a copy of the Boaron Design.

42.    Upon information and belief, Raviv did not seek to either provide the PTO with Boaron Design or inform the PTO about the existence of the Boaron Design.

**Allegations Common to All Causes Of Action: The Acts of SKR and GN**

43.    Upon information and belief, SKR has been assigned the '379 Patent by Raviv.

#1050961
106080-54673

44.     Upon information and belief, SKR has entered into an exclusive relationship with GN for exploitation of the '379 Patent.

45.     Upon information and belief, SKR has entered into an exclusive relationship with GN whereby GN is SKR's exclusive distributor in the United States.

46.     Upon information and belief, SKR and GN are distributing in the United States jewelry that contains the Flower Design.

47.     Upon information and belief, the jewelry containing the Flower Design that is distributed by SKR and GN is inferior in both quality and workmanship to the jewelry distributed by Corsage.  Nonetheless, SKR and GN sell jewelry at a higher relative price than Corsage.

48.     Upon information and belief, SKR and GN have represented to the public that the '379 Patent covers the method for creating the Flower Design.

49.     Upon information and belief, SKR and GN have represented to the public that the Flower Design can not be manufactured without infringing the '379 Patent.

50.     Upon information and belief, SKR and GN have written letters to Corsage's customers indicating that the exploitation of jewelry containing the Flower Design infringes the '379 Patent.

51.     Upon information and belief, Corsage's customers have been threatened by SKR and GN that, unless they cease distribution of jewelry containing the Flower Design, they will be sued for patent infringement.

52.     Upon information and belief, GN and SKR jointly engaged the law firm Solomon, Sherman & Gabay, located at 1628 JFK Boulevard, Philadelphia, Pennsylvania, to assist GN and SKR in threatening Corsage and Corsage's customers.

#1050961
106080-54673

53.     Upon information and belief, GN and SKR jointly engaged the law firm Durant & Durant, located at Constitution Place, 325 Chestnut Street, Suite 1116, Philadelphia, Pennsylvania, to assist GN and SKR in threatening Corsage's and its customers.

54.     Upon information and belief, as a result of the acts of GN and SKR, as well as their agents in Philadelphia, certain of Corsage's customers have ceased distributing jewelry containing the Flower Design.

55.     Upon information and belief, as a result of the acts of GN and SKR, certain of Corsage's customers who have ceased distributing jewelry containing the Flower Design have demanded that Corsage take back all items of jewelry containing the Flower Design.

56.     Upon information and belief, GN and SKR have engaged in the foregoing conduct in order to disrupt Corsage's business.

57.     Upon information and belief, GN and SKR have engaged in the foregoing conduct in order to obtain an unfair business advantage.

58.     There currently is an action in Israel between SKR and Geraldo regarding the Israeli infringement of the Boaron Design (the "Israeli Action").

59.     Upon information and belief, as a result of the Israeli Action, GN and SKR are aware that Raviv's testimony that he is not the inventor of the '379 Patent. Upon information and belief, neither SKR nor GN have advised the United States Patent and Trademark Office (the "PTO") regarding this testimony.

60.     Upon information and belief, as a result of the Israeli Action, GN and SKR are aware that Raviv is not the inventor of the '379 Patent. Upon information and belief, neither SKR nor GN have advised the PTO of the fact that Raviv is not the inventor of the '379 Patent.

- 8 -

61.     Upon information and belief, as a result of the Israeli Action, GN and SKR are aware that the Boaron Design is relevant prior art to the '379 Patent that was intentionally withheld from the PTO by Raviv and/or Freidman.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement)

62.     To the extent applicable, Corsage realleges and incorporates by reference each of the allegations of the foregoing paragraphs as if fully set forth herein.

63.     This cause of action arises under the under 28 U.S.C. § 2201 and the Patent Act, 35 U.S.C. § 101 *et seq.*

64.     Subject matter jurisdiction for this counterclaim is based on 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

65.     Upon information and belief, GN and SKR are the owners of all right, title and interest in and to United States Letters Patent No. D460,379.

66.     For several months GN and SKR have charged Corsage and its clients with infringing the '379 patent.

67.     Corsage asserts that using and/or causing to be used, selling and/or causing to be sold and/or offering to sale its products do not infringe the '379 patent and that it and its customers have the unfettered right, free from charges of infringement by GN and SKR of the '379 patent, to use and/or cause to be used, sell and/or cause to be sold and offer for sale Corsage's accused products.

68.     By reason of the charges of patent infringement, denial of those charges as set forth herein, a controversy that is justiciable in nature exists between Corsage on one hand, and

#1050961
106080-54673

SKR and GN on the other hand with respect to the assertion of infringement of the '379 patent by SKR and GN.

69.     Corsage has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement)

70.     To the extent applicable, Corsage realleges and incorporates by reference each of the allegations of the foregoing paragraphs as if fully set forth herein.

71.     This cause of action arises under the under 28 U.S.C. § 2201 and the Patent Act, 35 U.S.C. § 101 *et seq.*

72.     Subject matter jurisdiction for this counterclaim is based on 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

73.     Upon information and belief, GN and SKR are the owners of all right, title and interest in and to United States Letters Patent No. D460,379.

74.     For several months GN and SKR have charged Corsage and its clients with infringing the '379 patent.

75.     Corsage asserts that the '379 patent is invalid under one or more of 35 U.S.C. § 101, 35 U.S.C. § 102, 35 U.S.C. § 103 and/or 35 U.S.C. § 112.

76.     By reason of the charges of patent infringement by SKR and GN, a controversy that is justiciable in nature exists between Corsage on one hand, and SKR and GN on the other hand with respect to the assertion of infringement of the '379 patent by SKR and GN, rendering the determination of the validity of the '379 Patent also justiciable.

77.     Corsage has no adequate remedy at law.

- 10 -

## AS AND FOR A THIRD CAUSE OF ACTION

### (Declaratory Judgment of Unenforceability)

78.     To the extent applicable, Corsage realleges and incorporates by reference each of the allegations of the foregoing paragraphs as if fully set forth herein.

79.     This cause of action arises under the under 28 U.S.C. § 2201 and the Patent Act, 35 U.S.C. § 101 *et seq.*

80.     Subject matter jurisdiction for this counterclaim is based on 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

81.     Upon information and belief, inequitable conduct occurred during the prosecution of the application that became the '379 Patent.

82.     Upon information and belief, the first such act of inequitable conduct occurred when Mr. Raviv listed himself as the inventor of the '379 Patent.

83.     Mr. Raviv submitted an affidavit in the Israeli Action stating that he was not the inventor of the '379 Patent.

84.     Mr. Raviv refused to attend the hearing in Israel, despite the fact that he is an Israeli citizen.

85.     Mr. Raviv is the only named inventor of the '379 Patent.

86.     In view of the fact that Mr. Raviv could not have applied for the '379 Patent unless he was the inventor, upon information and belief, there is a strong inference of intent to deceive the PTO.

- 11 -

87.     Upon information and belief, prior to the issuance of the '379 Patent, Raviv and Freidman were both aware of the Boaron Design.

88.     Upon information and belief, prior to the issuance of the '379 Patent, Raviv and Freidman both had seen the Boaron Design.

89.     Upon information and belief, based upon the products that SKR and GN now allege are made pursuant to the '379 Patent, Freidman and other attorneys associated with him indicated to Boaron that such products infringe the Boaron Design.

90.     Upon information and belief, Friedman and Raviv intentionally withheld the Boaron Design from the PTO.

91.     Upon information and belief, Freidman intentionally withheld from Boaron that he also represented Raviv for the application of the '379 Patent.

92.     The Boaron Design would have been material to the examination of the application that became the '379 Patent.  However, the Boaron Design was not cited to the PTO during the prosecution of the application that became the '379 Patent.

93.     Despite all of the foregoing, there has never been an attempt to change the inventorship of the '379 Patent.  Upon information and belief, this failure is the result of the knowledge that any change to inventorship would be required to be accompanied by a statement that the '379 Patent is the subject of a litigation and the hope that the PTO will not review the Boaron Design.

#1050961
106080-54675

94.     Upon information and belief, after representing both Boaron and Raviv, Freidman informed Boaron that the three of them should meet to "make things right".  Upon information and belief, Freidman and Raviv wanted to secure such a meeting in order to uphold the validity of the '379 Patent.

95.     In view of the materiality of the non-cited prior art, with or without the existence of the attendant circumstances, upon information and belief, there is a strong inference of intent to deceive the Patent Office.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Unfair Competition under the Lanham Act)

96.     To the extent applicable, Corsage realleges and incorporates by reference each of the allegations of the foregoing paragraphs as if fully set forth herein.

97.     This cause of action arises under 15 U.S.C. § 1125.

98.     Subject matter jurisdiction for this claim exists under 28 U.S.C. §§ 1331, 1338.

99.     Upon information and belief, GN and SKR have accused Corsage's products of infringing the '379 patent.

100.    Upon information and belief, GN and SKR have made representations to Corsage's customers that Corsage's products infringe the '379 Patent.

101.    Upon information and belief, GN and SKR have made representations to the general public that Corsage's products infringe the '379 patent.

102.    Upon information and belief, GN and SKR have made representations to the relevant purchasing public that Corsage's products infringe the '379 patent.

- 13 -

#1050961
106080-54673

103.    Upon information and belief, GN and SKR have made representations to the relevant purchasing public that Corsage and/or its customers would be enjoined from selling and/or servicing Corsage's products.

104.    Upon information and belief, the foregoing representations are false and/or misleading representations of fact and/or descriptions of fact.

105.    Upon information and belief, the foregoing representations have been made in commercial advertising and/or promotion.

106.    Upon information and belief, the foregoing representations misrepresent the nature, characteristics, and qualities, of Corsage's goods and commercial activities.

107.    Upon information and belief, the foregoing representations have occurred in interstate commerce.

108.    Upon information and belief, the foregoing representations were made in commercial advertising or promotion.

109.    Upon information and belief, the representations by GN and SKR have caused damage to Corsage's reputation.

110.    Upon information and belief, the representations by GN and SKR have caused damage to Corsage's business and ability to sell products.

111.    Upon information and belief, the '379 patent is invalid and/or unenforceable and/or not infringed.

112.    Upon information and belief, GN and SKR did not have a good faith basis for making the foregoing representations.

113.    Upon information and belief, each such act by SKR and GN has been willful.

- 14 -

114.   Upon information and belief, Corsage has been harmed by the acts of unfair competition by SKR and GN.

115.   Upon information and belief, SKR and GN will continue to engage in unfair competition unless enjoined by this Court.

116.   Upon information and belief, Corsage will continue to be harmed by the conduct of SKR and GN unless there is Court intervention.

## AS AND FOR A FIFTH CAUSE OF ACTION

### (Tortious Interference with Contractual Relations)

117.   To the extent applicable, Corsage realleges and incorporates by reference each of the allegations of the foregoing paragraphs as if fully set forth herein.

118.   This cause of action arises under the laws of the state of New York.

119.   Subject matter jurisdiction for this action exists pursuant to 28 U.S.C. § 1367.

120.   Corsage has contractual relationships with its customers whereby it provides its customers with jewelry, and its customers pay for such jewelry.

121.   SKR and GN are aware of these contracts.

122.   Upon information and belief, solely as a result of the aforementioned actions of SKR and GN, Corsage's customers have breached those contracts.

123.   Corsage has been damaged as a result of the foregoing breaches.

124.   Upon information and belief, but for the actions of SKR and GN, Corsage's customers would not have breached their contracts.

125.   Upon information and belief, SKR and GN will continue to engage in the complained of conduct unless enjoined by this Court.

#1050961
106080-54673

126.    Upon information and belief, Corsage will continue to be harmed by the conduct of SKR and GN unless there is Court intervention.

## AS AND FOR A SIXTH CAUSE OF ACTION

### (Tortious Interference with Prospective Economic Relations)

127.    To the extent applicable, Corsage realleges and incorporates by reference each of the allegations of the foregoing paragraphs as if fully set forth herein.

128.    This cause of action arises under the laws of the state of New York.

129.    Subject matter jurisdiction for this action exists pursuant to 28 U.S.C. § 1367.

130.    Upon information and belief, GN and SKR have made representations to Corsage's potential customers about the scope of the '379 Patent.

131.    Upon information and belief, GN and SKR have made representations to Corsage's potential customers that the '379 Patent covers the Flower Design.

132.    Upon information and belief, GN and SKR have made representations to Corsage's potential customers that any exploitation of the Flower Design infringes the '379 Patent.

133.    Upon information and belief, GN and SKR have made representations to the relevant purchasing public about the scope of the '379 Patent.

134.    Upon information and belief, GN and SKR have made representations to the relevant purchasing public that the '379 Patent covers the Flower Design.

135.    Upon information and belief, GN and SKR have made representations to the relevant purchasing public that any exploitation of the Flower Design infringes the '379 Patent.

- 16 -

#1050961
106080-54673

136.   Corsage had a reasonable expectancy that it would derive substantial income from the sale of products to the potential customers and relevant purchasing public to whom SKR and GN have made the foregoing statements.

137.   Upon information and belief, GN and SKR maliciously made material misrepresentations regarding the scope of their patent rights, and those misrepresentations directly caused Corsage's failure to sell its products.

138.   Upon information and belief, GN and SKR maliciously made material misrepresentations regarding Corsage and/or Corsage's products, and those misrepresentations directly caused Corsage's failure to sell its products.

139.   Upon information and belief, the foregoing misrepresentations were not made in good faith but were made maliciously.

140.   Upon information and belief, the misrepresentations were made for the sole purpose of causing harm to Corsage and were done with malicious intent.

141.   Upon information and belief, but for the foregoing misrepresentations to Corsage's potential customers, Corsage would have consummated the sales of its products to those customers.

142.   Upon information and belief Corsage has been harmed by the foregoing malicious acts of tortious interference with prospective economic advantage, to the extent that Corsage has lost the sales of its products to potential customers.

143.   Upon information and belief, SKR and GN will continue to engage in the complained of conduct unless enjoined by this Court.

144.   Upon information and belief, Corsage will continue to be harmed by the conduct of SKR and GN unless there is Court intervention.

- 17 -

#1050961
106080-54673

## PRAYER FOR RELIEF

WHEREFORE, Corsage prays for relief on and respectfully request that the Court:

A.     Declare that the '379 Patent is invalid, void, not infringed and unenforceable.

B.     Enjoin SKR and GN and their respective officers, agents, servants, employees, attorneys, successors and assignees and all persons in active concert or participation with either, or any of them, from making any statements and/or charges to third parties that the using or causing to be used, selling and/or causing to be sold and offering for sale of jewelry incorporating the Flower Design used, sold or offered for sale by Corsage, are an infringement of the '379 Patent.

C.     Enjoin SKR and GN and their respective officers, agents, servants, employees, attorneys, successors and assignees and all persons in active concert or participation with either, or any of them, from making any statements and/or charges to third parties that any of Corsage's products infringe the '379 Patent.

D.     Declare this case to be exceptional under 35 U.S.C. § 285.

E.     Award Corsage a full recovery for GN and SKR's acts of unfair competition and tortious interference.

F.     Award Corsage its costs associated with this action, including an award of reasonable attorney's fees for this action.

- 18 -

#1050961
106080-54673

G.     Award Corsage any further relief as justice may require, or as this Court deems

necessary.

Dated: January 27, 2006
       Philadelphia, PA

                                        **GIBBONS, DEL DEO, DOLAN,**
                                        **GRIFFINGER & VECCHIONE, P.C.**
                                        1700 Two Logan Square
                                        18th and Arch Streets
                                        Philadelphia PA 19103-2769
                                        (215) 665-0400: telephone
                                        (215) 446-6322: facsimile

                                        By: _____
                                            Timothy S. Susanin (TS-1577)

                                            *Attorneys for Plaintiff,*
                                            *Corsage Collection, Inc.*

*Of Counsel:*

David E. De Lorenzi
Oren J. Warshavsky
**GIBBONS, DEL DEO, DOLAN,**
**GRIFFINGER & VECCHIONE, P.C.**
One Pennsylvania Plaza, 37th Floor
New York, New York  10119-3701
(212) 649-4700: phone
(212) 333-5980: fax

- 19 -

#1050961
106080-54673

## DEMAND FOR A JURY TRIAL

Plaintiff CORSAGE COLLECTION, INC. hereby demands a trial by jury on all issues

so triable.

Dated: January 27, 2006
      Philadelphia, PA
Dated: January 27, 2006
      Philadelphia, PA

**GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.**
1700 Two Logan Square
18th and Arch Streets
Philadelphia PA 19103-2769
(215) 665-0400: telephone
(215) 446-6322: facsimile

By: _____
    Timothy S. Susanin (TS-1577)

*Attorneys for Plaintiff,
Corsage Collection, Inc.*

*Of Counsel:*

David E. De Lorenzi
Oren J. Warshavsky
**GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.**
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
(212) 649-4700: phone
(212) 333-5980: fax

- 20 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORSAGE COLLECTION, INC., | |
| Plaintiff, | Civil Action No. |
| v. | |
| GN DIAMOND, LLC d/b/a ALITO COLLECTIONS, SKR DIAMONDS, LTD., EITHAN RAVIV and MARK FREIDMAN, ESQ. | **RULE 7.1 DISCLOSURE STATEMENT** |
| Defendants. | |

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, counsel for Plaintiff.

CORSAGE COLLECTION, INC. (a non-governmental corporate party), hereby certifies that there

are no parent corporations, affiliates and/or subsidiaries of plaintiff, nor any publicly held

corporation that owns ten percent (10%) or more of the stock of plaintiff.

Dated: January 27, 2006
      Philadelphia, PA

                               **GIBBONS, DEL DEO, DOLAN,**
                               **GRIFFINGER & VECCHIONE, P.C.**
                               1700 Two Logan Square
                               18th and Arch Streets
                               Philadelphia PA 19103-2769
                               (215) 665-0400: telephone
                               (215) 446-6322: facsimile

                               By: _____
                                   Timothy S. Susanin (TS-1577)

                               *Attorneys for Plaintiff,*
                               *Corsage Collection, Inc.*

*Of Counsel*:

David E. De Lorenzi
Oren J. Warshavsky
**GIBBONS, DEL DEO, DOLAN,**
**GRIFFINGER & VECCHIONE, P.C.**
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
(212) 649-4700: phone
(212) 333-5980: fax

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| CORSAGE COLLECTION, INC. | : | CIVIL ACTION |
| v. | : | |
| GN DIAMOND, LLC d/b/a ALITO | : | |
| COLLECTIONS, SKR DIAMONDS, LTD., | : | NO. |
| EITHAN RAVIV and MARK FRIEDMAN, ESQ. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      XXXX

| | | |
|---|---|---|
| January 27, 2006 | Timothy S. Susanin | Plaintiff, Corsage Collection, I: |
| Date | Attorney-at-law | Attorney for |
| 215-665-0400 | 215-446-6322 | tsusanin@gibbonslaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
CORSAGE COLLECTION, INC.

**DEFENDANTS**
GN DIAMOND, LLC d/b/a ALITO COLLECTIONS, SKR DIAMONDS, LTD., EITHAN RAVIV and MARK FRIEDMAN, ESQ.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    PHILADELPHIA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Timothy S. Susanin, Esq.
Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C.
1700 Two Logan Square
18th and Arch Streets
Philadelphia PA 19103-2769
(215) 665-0400

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** *(PLACE AN X IN ONE BOX ONLY)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)
*(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated or Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** *(PLACE AN X IN ONE BOX ONLY)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** *(PLACE AN X IN ONE BOX ONLY)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Slander, & Libel | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☒ 830 Patent | ☐ 460 Deportation |
| ☐ 351 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | **PRISONER PETITIONS** | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **CIVIL RIGHTS** | ☐ 510 Motions to Vacate Sentence | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title (XVI) | ☐ 892 Economic Stabilization Act |
| | ☐ 441 Voting | Habeas Corpus: | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS–Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 440 Other Civil Rights | ☐ 550 Other | | | ☐ 950 Constitutionality of State Statutes |
| | | | | | ☐ 890 Other Statutory Actions |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Declaratory judgment of non-infringement of a U.S. Letters Patent; declaratory judgment of invalidity of a US Letters Patent; unfair competition in violation of the Lanham Act, 15 USC 1051 et seq.; and tortious interference.

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ Exceeds $75,000.00
Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instructions)
NONE

JUDGE _____    DOCKET NUMBER _____

DATE: January 27, 2006

SIGNATURE OF ATTORNEY OF RECORD

**For Office Use Only**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____