IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORSAGE COLLECTION, INC., : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| : | NO. 06-382 |
| v. : | |
| : | |
| GN DIAMOND, LLC, et al., : | |
| : | |
| Defendants. : | |

## OPINION

Slomsky, J.                                                April 21, 2011

### I. INTRODUCTION

Before the Court are the Objections to the Report and Recommendation filed by Plaintiff Corsage Collection, Inc. ("Plaintiff" or "Corsage") (Doc. No. 140). On March 23, 2011, United States Magistrate Judge Carol Wells filed a Report (Doc. No. 138) recommending that the Court deny Corsage's Motion for Default Judgment and enter judgment in favor of Defendants Eitan Raviv and Mark Friedman. Corsage objects to the Report and Recommendation as "unfair," "erroneous," and "unreasonable." Pursuant to Title 28, United States Code, Section 636, the Court will now review the portions of the Report and Recommendation to which objection has been made. For reasons that follow, the Court finds that the Objections lack merit, and accepts and adopts in whole the findings in the Report and Recommendation.[1]

---

[1] On April 11, 2011, the date by which objections to the Report and Recommendation were due, the Court filed an Order approving and adopting the Report. (Doc. No. 139.) Corsage filed its Objections to the Report and Recommendation after the close of business that same day. (Doc. No. 140.) Thus, at the time the Court filed the Order approving and adopting the Report, it did not consider the Objections of Corsage, which had not yet been filed.

Although the Court has already considered the findings of United States Magistrate Judge

1

## II.    BACKGROUND

This case arises out of a dispute concerning competing patents for a unique setting for diamond jewelry, the "invisible flower setting" or "invisible flower design."[2] (Doc. No. 1 ¶¶ 16-17.) In 2002, the creator of the invisible flower design, Ezra Boaron (not a party to this action), received a patent from the Isreali Patent Office. (Id. ¶ 19.) Corsage possesses the right to distribute the flower design throughout the United States, selling jewelry that incorporates the design. (Id. ¶¶ 20-24.) Corsage contends that despite this lawful patent and despite Defendants Eitan Raviv's and Mark Friedman's knowledge of this patent, "Friedman, on behalf of Raviv" obtained a patent from the United States Patent and Trademark Office for a jewelry design that is allegedly similar to the invisible flower design. (Id. ¶¶ 25-29.) The patent was assigned to Defendants GN Diamond, LLC ("GN") and SKR Diamond, Ltd. ("SKR"). (Id. ¶¶ 43-46.)

In January 2006, Corsage sued Defendants GN, SKR, Raviv, and Friedman. Raviv and

---

Carol Wells and adopted them, the Court will now "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," in light of Corsage's Objections. 28 U.S.C. § 636(b)(1). For reasons that follow, the Court finds that the Objections are without merit and confirms its decision to approve and adopt the Report and Recommendation in whole.

[2] As described in the Complaint, the unique design:

> 16. [E]mploys seven (7) diamonds or other precious stones in the shape of a flower, having a hexagon stone in the middle and surrounded by 6 pentagon shaped stones which are rounded on the outside, which thereby create the appearance of a seamless flower which can appear as one large gem with a perfectly smooth surface (the "Flower Design").
>
> 17. The Flower Design is created in a way that each diamond is "locked" into an invisible setting with no gaps, no glue and no prongs.

(Doc. No. 1 ¶¶ 16-17.)

Friedman were served but failed to answer the Complaint. On June 25, 2007, the Clerk of Court entered a default against them. In January 2010, Corsage and Defendants GN and SKR settled their cases. (Doc. Nos. 105, 106.) With respect to remaining Defendants Raviv and Friedman, on March 5, 2010, Corsage moved for a Hearing pursuant to Federal Rule of Civil Procedure 55 (Default Judgment). (Doc. No 109.) The Court granted the Motion, referring the matter for disposition to United States Magistrate Judge Carol Wells.

On August 18, 2010, Judge Wells presided over a hearing regarding the propriety of entering a default judgment against Defendants Raviv and Friedman and awarding attorney's fees to Corsage. Thereafter, over a period of five months, Judge Wells considered additional documents submitted by counsel for Corsage. Judge Wells gave counsel for Corsage numerous extensions of time to file documentation before rendering her Report and Recommendation. (See, e.g., Doc. Nos. 117, 120, 127, 128, 134.)

On March 23, 2011, Judge Wells filed her Report and Recommendation. (Doc. No. 138.) Judge Wells recommended that Corsage's Motion for Default Judgment be denied and that judgment be entered in favor of Defendants Raviv and Friedman. Despite being afforded numerous opportunities to prove the merits of the claims against Defendants Raviv and Friedman and the propriety of an award of damages and attorney's fees against them, counsel for Corsage failed to convince Judge Wells that a default judgment was warranted.

Pursuant to Local Rule 72.1 IV(b), Corsage filed Objections to the Report and Recommendation on April 11, 2011. The Court must now "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The Court] may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

Plaintiff submits four objections to the Report and Recommendation. Counsel for Corsage writes:

> The Magistrate's report is 1) erroneous in that it fails, without explanation, to credit uncontroverted factual evidence provided to the court on both liability and damages, 2) unfair in that without notice or opportunity to be heard, the Magistrate construed the complaint narrowly and literally finding Corsage failed to ask for damages from the remaining Defendants, 3) unreasonable in that it finds Corsage did not "prevail" but fails to address that the settlement conferred substantial benefits on Corsage directly arising from the litigation, and finally, the report is 4) unfair and incomplete as the court ignored and never considered the impacts on the courts and patent system of allowing defendants such as Mr. Friedman, clearly in possession of some relevant facts, to chose [sic] to not reveal those facts, to take a strategic default and to impose no consequence whatsoever on that conduct.

(Doc. No. 140 at 1-2.)

### A. Objection One: The Report and Recommendation is Erroneous in That it Fails, Without Explanation, to Credit Uncontroverted Factual Evidence Provided to the Court

Despite Corsage's contention, the Report and Recommendation specifically provides that Plaintiff failed to present the Court with evidence supporting its factual contentions. (Doc. No. 139 at 3 n.3.) Judge Wells wrote that although Corsage alleged certain facts, it failed to provide any evidence to support them, despite being given numerous opportunities to do so.

In the Complaint, Corsage requests that the Court enter declaratory judgment that the U.S. patent obtained by Defendants Raviv and Friedman was unenforceable because of inequitable conduct by said Defendants. The inequitable conduct alleged includes Defendant Raviv's application for the patent despite his not being the inventor of the design for which the patent

4

was sought and Defendants Raviv and Friedman's application for the patent despite their knowledge of the Isreali patent held by Corsage.

With respect to the former, Corsage concedes that Raviv was a co-inventor of the design that he patented and this fact was addressed by Judge Wells. With respect to the latter, Judge Wells specifically found that Corsage failed to present any evidence that Defendant Raviv or Friedman knew of the Isreali Patent before filing for the U.S. Patent. Thus, Corsage's first objection is without merit.

> **B.** **Objection Two: The Report and Recommendation is Unfair in That Without Notice or Opportunity to be Heard, the Magistrate Construed the Complaint Narrowly and Literally**

Plaintiff had a full and fair opportunity to be heard. Judge Wells afforded Plaintiff numerous extensions in which to file its submissions, and a number of opportunities to cure deficiencies in its claims. (See, e.g., Doc. Nos. 117, 120, 127, 128, 134.) Despite this ample opportunity, Plaintiff failed to present evidence to support the claims. Therefore, Plaintiff's objection on due process grounds is without merit.

> **C.** **Objection Three: The Report and Recommendation is Unreasonable in That it Finds Corsage Did Not "Prevail" But Fails to Address that the Settlement Conferred Substantial Benefits on Corsage Directly Arising From the Litigation**

Plaintiff contends that it was unreasonable for Judge Wells to find that Plaintiff did not "prevail on the merits" without recognizing that the settlement conferred a substantial benefit on Plaintiff. However, whether a party is a "prevailing party" does not depend on the benefit the party received from a settlement agreement not incorporated into a judicial decree. As

Magistrate Judge Wells wrote in the Report:

> Federal Circuit law establishes who the prevailing party is for purposes of 35 U.S.C. § 285; the determination of prevailing party status is a question of law, not fact. Highway Equipment Co., Inc., v. FECO, Ltd, 469 F.3d 1027, 1032 (Fed. Cir. 2006). The determination of prevailing party status is the same under Federal Circuit law for § 285 and for costs under Fed. R. Civ. P. 54. 469 F.3d at 1035. To prevail, the party must "have received at least some relief on the merits. That relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party." Shum v. Intel Corp., 629 F.3d 1360, 1367 (Fed. Cir. 2010) (citing Farrar v. Hobby, 506 U.S. 103, 111-13 (1992)). That relief must be obtained by court order, typically through judgment on the merits or through a settlement agreement enforced through a consent decree. Highway Equipment, 469 F.3d at 1033. For example, an award of damages, even nominal damages, confers prevailing party status. Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1182 (Fed. Cir. 1996) (citing Farrar, 506 U.S. at 111-13). Contrariwise, *a settlement that is not incorporated into a judicial decree does not confer prevailing party status.* Exigent Technology, Inc. v. Atrana Solutions, Inc., 442 F.3d 1301, 1312 (Fed. Cir. 2006) (citing Akers v. Nicholson, 409 F.3d 1356, 1359 (Fed. Cir. 2005); Inland Steel Co. v. LTV Steel Co., 364 F.3d 1318, 1320-21 (Fed. Cir. 2004)).

(Doc. No. 138 at 5-6.) The settlement here was not incorporated into a judicial decree. Further, Defendants Raviv and Friedman were not parties to this settlement. The settlement, no matter how beneficial to Corsage, does not confer on Corsage prevailing party status. Exigent Technology, Inc. v. Atrana Solutions, Inc., 442 F.3d 1301, 1312 (Fed. Cir. 2006) ("Atrana cannot be a prevailing party if the case was resolved by settlement (not incorporated by judicial decree) prior to any relief on the merits."). Therefore, Judge Well's failure to examine the settlement agreement's benefit to Plaintiff was not unreasonable.

### D. Objection Four: The Report And Recommendation Is Unfair And Incomplete As The Court Ignored And Never Considered The Impacts On The Courts And Patent System

Finally, Plaintiff objects to the Report and Recommendation's failure to consider "the impacts on the courts and patent system of allowing defendants such as Mr. Friedman, clearly in possession of some relevant facts, to chose [sic] to not reveal those facts, to take a strategic default and to impose no consequence whatsoever on that conduct." (Doc. No. 140 at 2.) This argument was not presented to Judge Wells. Therefore, her failure to address these policy implications does not render the Report and Recommendation "unfair and incomplete."

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the Objections to the Report and Recommendation are without merit and will deny them.

An appropriate Order follows.